Reed, J.,
delivered the opinion of the court.
The proceeding was an application for a mandamus to compel the defendant corporation to deliver to the petitioner seventy inches of water to irrigate his tract of eighty acres. His right to it is predicated upon prescription or a supposed statutory prescriptive right by reason of formerly having for a number of years purchased and received that quantity. To enforce this supposed right application was made for the writ. The action or proceeding appears to have been misunderstood by the court and counsel. The proceeding by mandamus is a purely legal, civil proceeding; no element of equity or application of equitable law is or can be involved. It is “ directed to any person, corporation or inferior court of judicature * * * requiring them to do some particular thing, therein specified, which pertains to their office or duty.” 3 Blacks. Com. 110. “ Is directed to some person, corporation or inferior court requiring them to do some particular thing therein specified, which appertains to their office or duty, and which is supposed to be consonant with right and justice, and when there is no other adequate remedy at law.” Kendall v. United States, 12 Pet. 524.
In Rex v. Barker, 3 Burr. 1265, Lord Mansfield said:— “ Where there is a right to execute an office, perform a service ora function or exercise a franchise (more especially if it be a matter of public concern or attended with profit) and a person is kept out of possession or dispossessed of such right, and has no other specific, legal remedy, this court ought to assist by a mandamus upon reasons of justice, as the writ expresses, and upon reasons of public policy to preserve peace, order and good government.”
The general statutory definition in the United States is : “ That the writ runs to an inferior tribunal, bo'ird, corporation or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or sta *175 ■tion.” See Boggs v. C. B. Q. R. R., 54 Iowa, 435; Fremont v. Crippen, 10 Cal. 211; State v. Gracey, 11 Nev. 223.
“ The writ only lies to enforce duties imposed by law, and neither stipulation nor the agreement of the parties can change the uses or the extent of the writ of mandamus.” The legal right to the writ must be clear and unquestionable, and the performance of the duty specifically imposed. See Freon v. Carriage Co., 42 Ohio St. 30; People v. Green, 64 N. Y. 499; Mobile & O. R. R. v. Wisdom, 5 Heisk. (Tenn.) 125.
It will not lie to enforce private contracts. Benson v. Paull, 6 Fl. & Bl. 273; State v. Bridge Co., 20 Kans. 404; People v. Dulany, 96 Ill. 503; Tobey v. Hakes, 54 Conn. 274.
“ It is considered to be a harsh remedy, and to be substituted for the ordinary process only in extraordinary cases.” State v. New Orleans R. Co., 42 La. An. 138.
The writ has always been kept within its own narrow limits, and the courts have universally been unwilling to extend its operation. Blair v. Marye, 80 Va. 485; State v. Young, 38 La. An. 923.
It will readily be seen that the respondent in its answer and what may be regarded as a cross complaint in setting up the supposed equitable rights of the Hackberry Company, and praying that it be decreed to be the owner of the water in controversy, exceeded the limits of the defense allowed bylaw, and that part should have been disregarded or stricken out. Nor could the court, even by request and agreement of parties, change an arbitrary legal proceeding brought to enforce a specific duty into a suit in equity, and adjudicate the equities between the petitioner and the intervenor. Such equities can only be adjusted by the proper proceeding instituted by one of the contending parties.
So far as the answer of the respondent, by the allegations contained, sets up facts showing it was not legally, nor in the performance of a specific duty, obliged to deliver the water, or in other words, in so far as it set up the facts to defeat the issuance of the writ, was proper, and the issues thus formed were competent to be tried. The evidence shows that *176 the petitioner formerly claimed and bought seventy-five inches of water for the eighty-acre tract; that he afterwards voluntarily reduced it to seventy inches ; that for some years he took that quantity; that he then bought land on the school section, and applied water to that for five years. / These facts show, conclusively, when taken in connection with nearly all the testimony, that the water was not all needed for the eighty-acre tract, that forty inches was an adequate supply, as much as was sold by the respondent and used by other consumers, generally, in the vicinity. His supposed prescriptive right was neutralized or destroyed by his five years’ application of the water to other lands. The most he could lawfully claim was an adequate supply. ¿'The administration of a franchise like that of respondent requires absolute impartiality when there are no fixed legal priorities ; hence, the court was warranted in finding that the petitioner had no fixed legal prior right to seventy inches of water ; that for the entire neighborhood one half inch to the acre was deemed sufficient and was all adjoining landowners claimed or received, and that the further fact that he for five years applied the water successfully to his original farm and the school land was conclusive that it was in excess of his home needs/^ The court was warranted, therefore, from the premises, in finding that the respondent was not legally compelled to furnish the-amount of water demanded, and the petitioner was not entitled to the writ. That part of the finding must be affirmed. With such finding, on application for a writ of mandamus, the power of the court was exhausted. It was without jurisdiction to hear and determine the respective rights of petitioner and intervenor.
The balance of the finding and judgment wherein the intervenor is decreed entitled to the water as against the petitioner and respondent is reversed and held for naught, being in excess of the authority of the court.
The judgment denying the writ-of mandamus is affirmed.

Balance reversed..